UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD A. HALOWELL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ARMSTRONG INTERNATIONAL, INC., et al., <br><br> Defendants. | Case No. 21-cv-07647-HSG <br><br> **REMAND ORDER** <br><br> Re: Dkt. No. 70 |

Plaintiffs filed this complaint in Alameda County Superior Court. Dkt. No. 1, Ex. 1. On September 29, 2021, Defendant Crosby Valve, LLC ("Crosby") removed the case, asserting federal officer jurisdiction under 28 U.S.C. § 1442(a)(1) (the "Federal Officer Removal Statute"). Dkt. No. 1 ("Notice of Removal"). The Federal Officer Removal Statute allows removal of a case if a defendant demonstrates that "(a) it is a 'person' within the meaning of the statute; (b) there is a causal nexus between [defendant's] actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a 'colorable federal defense.'" *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006) (citations omitted); *see also Leite v. Crane Co.*, 749 F.3d 1117, 1120 (9th Cir. 2014). In its Notice of Removal, Crosby asserted the federal defense that "it was acting under the direction of the United States Navy . . . in the design, manufacture, and sale of its valves" that are the subject of the Plaintiffs' allegations. *See* Dkt. No. 1 at 4.

Less than two weeks after filing its Notice of Removal, Crosby withdrew its defense that it was acting under the direction of a federal officer. *See* Dkt. No. 30 at 2.[1] More specifically,

---

[1] On October 8, 2021, the parties represented that Crosby had filed a notice of withdrawal of its Notice of Removal on October 7, 2021. Dkt. No. 30 at 2. This was false. Only on November 5, 2021, did Crosby actually file its notice of withdrawal, Dkt. No. 72, in response to the Court's order directing it to identify where on the docket the purported notice had been filed, Dkt. No. 71.

1  Crosby represented to the Court that it had "withdrawn its assertion of the federal-officer defense"
2  and "will no longer assert the federal officer defense in this action." *Id.* Via a stipulation and
3  proposed order, Plaintiffs and Crosby requested that the case be remanded to state court. Dkt. No.
4  30 at 3.[2] Plaintiffs also later filed an ex parte application for a "*sua sponte*" order remanding the
5  case. Dkt. No. 70.

6  Notwithstanding the odd machinations engaged in by the parties here, the Court finds that
7  remand is appropriate under 28 U.S.C. § 1447(c) because the Federal Officer Removal Statute
8  requires the defendant to assert a "'colorable' federal defense," and Crosby has disavowed and
9  withdrawn its federal officer defense in this case. *See Leite*, 749 F.3d at 1120, 1122-1124
10 (citations omitted); Dkt. No. 30 at 2.

11 In its ex parte application, Plaintiffs also request that Defendant Flowserve US, Inc.
12 ("Flowserve") be required to pay their attorney's fees. Dkt. No. 70 at 2. Under 28 U.S.C. §
13 1447(c), when remanding a case a Court "may require payment of just costs and any actual
14 expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The
15 Court finds in its discretion that payment of Plaintiffs' attorney's fees by Flowserve is not
16 warranted. The joint post-removal maneuvering by Plaintiffs and Crosby directly led to these
17 drawn-out proceedings and, as Plaintiffs themselves point out, Flowserve "did not join in the
18 initial removal." *See* Dkt. No. 70 at 5. It appears to the Court that Plaintiffs and Crosby could
19 have avoided this entire odyssey by discussing the issue *before* removal rather than waiting until
20 the case was before this Court and creating a needlessly messy jurisdictional question.

21 Accordingly, the Court **ORDERS** this case **REMANDED** to Alameda County Superior
22 Court. The Court **DENIES** Plaintiff's ex parte application for attorney's fees. The Clerk is

---

[2] The Court directed the other defendants to submit any response to the stipulation and proposed order seeking remand. *See* Dkt. No. 31. The only defendant to object was Flowserve, which made a perfunctory objection that "Mr. Halowell's claimed exposure to Defendant's products stem [sic] from his time in the US Navy between 1963 and 1967." Dkt. No. 38. Plaintiffs and Crosby, at the Court's direction, filed supplemental briefs responding to Flowserve's objection. *See* Dkt. Nos. 68, 69. Having reviewed all of the responses, the Court finds that all Defendants need not consent to remand. The Federal Officer Removal Statute allows a single defendant to remove a case unilaterally without obtaining the consent of any other defendants. *Ely Valley Mines, Inc. v. Hartford Acc. & Indem. Co.*, 644 F.2d 1310, 1315 (9th Cir. 1981). Here, no other Defendant joined Crosby in asserting its right to remove under the Federal Officer Removal Statute.

1   directed to remand the case, terminate all pending motions, and close the file.

2   **IT IS SO ORDERED.**

3   Dated: 11/8/2021

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge